# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CRUZ GARIBALDI, JR.,                    )
                                        )
                        Petitioner,     )
                                        )              CIVIL ACTION
v.                                      )
                                        )              No. 04-3157-CM
                                        )
RAY ROBERTS, et al.,                    )
                                        )
                        Respondents.    )
_____ )

## MEMORANDUM AND ORDER

Cruz Garibaldi, Jr., a prisoner at the El Dorado Correctional Facility in El Dorado, Kansas, has filed a petition *pro se* for writ of habeas corpus (Doc. 1).  Petitioner was convicted in state court of aggravated kidnapping and aggravated battery, and seeks a writ pursuant to 28 U.S.C. § 2254.  He seeks federal relief on the following grounds: (1) insufficient evidence was introduced at trial to support his aggravated kidnapping conviction; (2) his convictions were multiplicitous; (3) the jury should have been instructed as to the meaning of "facilitate"; and (4) he received ineffective assistance of counsel at trial and on appeal.  The court has fully reviewed the record and petitioner's arguments, and finds that habeas relief is not warranted.  For the following reasons, the petition is denied.

## I.      Procedural History

A Saline County, Kansas jury convicted petitioner of aggravated kidnapping and aggravated battery on October 27, 1999.  The court sentenced petitioner to a controlling term of 133 months incarceration on January 10, 2000.  After petitioner appealed, the Kansas Court of Appeals affirmed his

convictions on June 1, 2001.  On direct appeal, petitioner raised the following issues: (1) there was insufficient evidence to support his conviction for aggravated kidnapping; (2) the counts of aggravated battery and aggravated kidnapping were multiplicitous; and (3) the trial court erred when it refused to instruct the jury on the word "facilitate."

The Kansas Supreme Court denied petitioner's request for review on September 25, 2001. Petitioner then filed for post-conviction relief pursuant to K.S.A. § 60-1507 in the District Court of Saline County on June 24, 2002.  In that petition, he raised the following issues: (1) he was denied his right to a unanimous verdict as guaranteed by the Sixth Amendment; (2) he received ineffective assistance of counsel in violation of the Sixth Amendment; and (3) he should be granted a new trial based on new evidence discovered during the sentencing phase.  After the district court denied his petition on August 9, 2002, petitioner appealed the denial of his § 60-1507 petition to the Kansas Court of Appeals.  On December 19, 2003, the Kansas Court of Appeals affirmed the district court, and the Kansas Supreme Court denied the subsequent petition for review on March 30, 2004.  On May 19, 2004, petitioner filed the instant request for relief pursuant to 28 U.S.C. § 2254.

## II.    Standard of Review

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999).  The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding," *id.* §

2254(d)(2).  Absent clear and convincing evidence to the contrary, the court presumes that state court

factual findings are correct.  *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly

established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court]

on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of

materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Under the second

alternative, the court will find that a state court decision is an unreasonable application of clearly established

federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's]

decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  The key inquiry is

whether the state court's application of the law was objectively unreasonable.  *Id.* at 409; *see also*

*Lockyer v. Andrade*, 538 U.S. 63, 75-6 (2003) (observing that the "objectively unreasonable" standard of

review is more deferential than the "clear error" standard).  But the petitioner need not show that "all

reasonable jurists" would disagree with the decision of the state court.  *Williams*, 529 U.S. at 409-10.

This court's review is limited; "it is not the province of a federal habeas court to reexamine state-

court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal

court does not review a state court decision for errors of state law.  *Id.* (citations omitted).

## III.   Factual Background

On July 2-3, 1999, petitioner and his ex-wife Michelle, who were living together, spent the night

drinking and dancing.  They returned home in the early morning, and Michelle went to bed in a downstairs

bedroom.  Soon after, petitioner started forcibly hitting Michelle in the face.  After petitioner left the

bedroom, Michelle ran upstairs, opened an outside door, and screamed.  Petitioner covered Michelle's

mouth, dragged her downstairs, and began hitting her again.  Petitioner was arrested, tried, and convicted

of aggravated kidnapping and aggravated battery.

## IV.     Discussion

### A.     Sufficiency of the Evidence

Petitioner first claims that the evidence was insufficient to support his aggravated kidnapping

conviction.  When evaluating whether evidence was sufficient to support a conviction, "the relevant question

is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979) (citation omitted) (emphasis in original); *Romano v. Gibson*, 239

F.3d 1156, 1164 (10th Cir. 2001) (citing *Jackson*, 443 U.S. at 319).  The court neither weighs conflicting

evidence nor considers the witnesses' credibility.  *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir.

1993).  And the court is bound to accept the jury's verdict "as long as it is within the bounds of reason."

*Kelly v. Roberts*, 998 F.2d 802, 808 (10th Cir. 1993) (citations omitted).

Where the petitioner challenges the state court's conclusion that the facts support his conviction, the

question presented for the federal court is one of law, which is governed by 28 U.S.C. § 2254(d)(1).

*Torres v. Mullin*, 317 F.3d 1145, 1151-52 (10th Cir. 2003).  The relevant inquiry is whether the state

court's decision was contrary to, or involved an unreasonable application of *Jackson*.  In making this

inquiry, the court applies state law regarding the substantive elements of the offense.  *Id.* at 1152 (citations

omitted).

The relevant elements of aggravated kidnapping under Kansas law are: (1) the defendant took or

confined a victim by force and/or threat; (2) the defendant intended to hold the victim to facilitate the commission of a crime and/or to inflict bodily injury and/or to terrorize the victim; and (3) the defendant inflicted bodily harm on the victim. Kan. Stat. Ann. §§ 21-4320(b), (c); 3421. As the Kansas Court of Appeals held, the first and third elements are met by the evidence showing that petitioner took Michelle by force to a downstairs bedroom and inflicted bodily harm on her downstairs.[1] The third element is slightly more complicated, but the record evidence also supports it. Again, there are three ways this element could be satisfied: petitioner intended to hold Michelle (1) to facilitate the commission of a crime; (2) to inflict bodily injury; and/or (3) to terrorize her.

When the taking or confinement is done to facilitate the commission of another crime, the movement or confinement:

> (a) Must not be slight, inconsequential and merely incidental to the other crime;
> (b) Must not be of the kind inherent in the nature of the other crime; and
> (c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.

*State v. Buggs*, 547 P.2d 720, 731 (Kan. 1976). With respect to the question whether petitioner intended to hold Michelle to facilitate the commission of a crime, the Kansas Court of Appeals found that the evidence supported all three elements (a), (b), and (c). The court found that petitioner's act of dragging Michelle downstairs was not merely "incidental to" or "inherent in the nature of" aggravated battery. Petitioner could have continued to beat Michelle upstairs, but he chose to cover her mouth and take her downstairs to reduce the risk that the crime would be detected by others. Based on this evidence, the

---

[1] Petitioner argues that the bodily harm was committed *before* the kidnapping took place. But the record shows that he beat Michelle both before and after he dragged her back downstairs. The court finds it insignificant that Michelle testified at trial that the second time, petitioner did not "hit[] [her] as much," and that it "kind of eased down." Even with that evidence, the jury could have found that he caused bodily harm during the kidnapping.

Kansas Court of Appeals held that the kidnapping held its own significance, independent of the aggravated battery.

With respect to whether petitioner intended to hold Michelle to inflict bodily injury, the Kansas Court of Appeals noted that defendant consented to a jury instruction which read in part: "Ordinarily, a person intends all of the usual consequences of his voluntary acts." The court held that a rational jury could infer that petitioner intended to inflict bodily injury on Michelle as a usual consequence of hitting her in the face.

Finally, with respect to whether petitioner intended to hold Michelle to terrorize her, the Kansas Court of Appeals concluded that a reasonable jury could infer petitioner's intent to terrorize Michelle by the circumstances of the kidnapping and beating.

The court finds that the Kansas Court of Appeals applied the correct standard of review, and that its decision is supported by the record. The decision was not contrary to, and did not involve an unreasonable application of *Jackson*. *See* 28 U.S.C. § 2254(d)(1).

B.    <u>Multiplicity of Convictions</u>

Petitioner next claims that his aggravated kidnapping conviction is multiplicitous with his aggravated battery conviction. Specifically, he argues that the two offenses merged because they arose from the same, continuous act of violence. Under this rationale, petitioner argues, the jury found him guilty of two offenses based on the same act of violence. The court first notes that the test that petitioner asks the court to use – the single act of violence/merger test – has recently been abandoned by the Kansas Supreme Court. *See State v. Schoonover*, – P.3d –, 2006 WL 1114652, at *32 (Kan. Apr. 28, 2006). The Kansas Supreme Court reached this conclusion, in part, because the single act of violence/merger test offered more

protection under Kansas law than that provided under the Fifth Amendment to the United States Constitution. *See id.* at \*31.

The Fifth Amendment prohibits multiple punishments for the same crime. *Whalen v. United States*, 445 U.S. 684, 688 (1980). But "[t]he same act or transaction may constitute separate offenses if each offense requires some fact not required to establish the other." *United States v. Meuli*, 8 F.3d 1481, 1485 (10th Cir. 1993) (citation omitted). The crime of aggravated battery is not a lesser included offense of aggravated kidnapping, *see State v. Diaz & Altemay*, 654 P.2d 425, 430 (Kan. 1982), as the Kansas Court of Appeals properly held. And, in any event, each conviction in this case was related to a separate incident. The record indicates that petitioner first beat Michelle downstairs. He then left (terminating that act of violence), and Michelle ran upstairs to scream. Petitioner then caught her again upstairs, forced her back downstairs, and beat her a second time. The first incident served as the basis for the aggravated battery conviction, and the second served as the basis for the aggravated kidnapping conviction.

The court finds that the decision of the Kansas Court of Appeals was neither contrary to, nor an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). To the extent that this issue is a factual question, the court also finds that the decision was not based on an unreasonable determination of the facts in light of the evidence presented. *See id.* § 2254(d)(2).

C.    Refusal to Define "Facilitate" in Jury Instructions

Petitioner's next argument is that the trial court failed to properly instruct the jury because it refused to provide the jury with a dictionary or a definition of "facilitate," and instructed them to use the common and usual meaning of the language in the instructions.

The burden is high for a petitioner to demonstrate constitutional error arising from an allegedly

erroneous jury instruction:

> In a habeas proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden.  A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.  "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal."  The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even "'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process.  "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  The degree of prejudice from the instruction error must be evaluated in the context of the events at the trial.

*Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995) (internal citations omitted).

The Kansas Court of Appeals held that the instruction given was sufficient because it properly and fairly stated the law as applicable to the case.  This court further notes that petitioner's argument is speculative; the record does not indicate that the jury had trouble with the word "facilitate."  Although the jury requested a dictionary, they did so without reference to any particular word, and the trial court simply responded that they should attach common and usual meanings to the language used in the instructions.  And, as the Kansas Court of Appeals noted, the trial court's response was invited and supported by defense counsel.

The court finds that petitioner cannot meet his high burden on this issue.  There is nothing in the record to support a finding that the instructions were improper or that the judge's instruction to give the words their ordinary meanings undermined the fundamental fairness of the trial.

D.    Ineffective Assistance of Counsel

Petitioner's last claim is that his counsel was ineffective in that he failed to request a unanimity jury instruction with respect to the means by which petitioner committed the aggravated kidnapping.  The court

-8-

applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining

whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d

1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of

satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was

deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The

court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is

strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice,

which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court

deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner]

makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground

of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

The state district court and the Kansas Court of Appeals both reviewed this claim and determined

that Kansas law did not require an instruction on unanimity. Unanimity is not required as to the means by

which a crime is committed, as long as the evidence supports all alternative means. *See State v. Hamby*,

957 P.2d 428, 435 (Kan. 1998). Had counsel made such a request, the district court would have properly

denied it. The court will not find counsel ineffective for failing to make meritless arguments. *See*

*Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). For these reasons, the court finds that counsel's

failure to make the request was neither objectively unreasonable nor prejudicial. And the Kansas Court of

Appeals properly applied the standards of *Strickland* in reaching this conclusion.

**IT IS THEREFORE ORDERED** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is denied.

Dated this 16th day of May 2006, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

-10-